Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Angela Gayheart, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| Titus Properties Group, Inc. and Almond Blossom Properties Inc., | |
| Defendants. | |

Plaintiff Angela Gayheart ("Plaintiff") alleges:

## INTRODUCTION

1. Plaintiff brings this action against Defendants Titus Properties Group, Inc. ("Titus"), Almond Blossom Properties Inc. ("Almond Blossom") (collectively "Defendants") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability/handicap and denying Plaintiff equal access to the dwelling / housing accommodation ("Accommodation") located at 117 South Yolo Street in Willows, California, which Defendants own, operate, or otherwise control.

## PARTIES

2. Plaintiff is a natural person. At all times relevant to this Complaint, Plaintiff is and has been considered disabled and handicap.

3. Defendants Titus and Almond Blossom manage and/or operate the Accommodation.

//

## THE ACCOMODATION

4. The Accommodation is a building, structure, or portion thereof, which is intended for occupancy as a residence by one or more families located at the commonly known address 117 South Yolo Street in Willows, California.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under California state law.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Accommodation is within this judicial district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

8. Plaintiff suffers from a disability and/or medical condition(s) that is/are a disability.

9. Plaintiff suffers from suffers from mental disabilities. Plaintiff has been considered disabled since around 2013. Plaintiff's symptoms limit, some substantially, Plaintiff's major life activities.

10. Plaintiff utilizes an assistance animal to address the challenges resulting from Plaintiff's symptoms and to help alleviate the symptoms. Plaintiff deals with the symptoms on a daily basis.

11. Plaintiff's assistance animal lives with her.

12. Plaintiff resides at the Accommodation.

13. Defendants Titus and Almond Blossom manage the property.

14. Plaintiff has resided at the Accommodation for several months.

15. Without regard to the law, Defendants strictly impose and enforce a no-pets policy, which completely ignores the rights of disabled persons, at the property.

16. Beginning in October of 2022, Defendants began harassing Plaintiff regarding her assistance animal.

17. Specifically, Defendants began demanding intrusive and unnecessary medical information from Plaintiff in order for Plaintiff to keep her assistance animal at the property.

18. Defendants demanded that Plaintiff sign a medical release that grants authorization to Defendants to obtain Plaintiff's confidential medical information and, strangely, demand that Plaintiff's physician provide Defendants with alternatives to Plaintiff's requested accommodation.

19. The release also requires Plaintiff's physician to take responsibility for any harm Plaintiff's assistance animal might cause to any resident or guest and damage done to the property or surrounding areas.

20. Plaintiff sincerely tried to work with Defendants regarding her assistance animal. In fact, Plaintiff sent Defendants copies of a doctor's letter, the assistance animal's shot records, as well as the assistance animal's registration.

21. Defendants told Plaintiff that their policy is to <u>not</u> allow service or assistance animals to reside in a property they manage until Plaintiff first receives authorization.

22. Defendants' policy also states that Defendants can terminate the lease if Plaintiff does not follow Defendants' draconian rules.

23. Defendants' policy also cruelly prohibits assistance animals from going outside.

24. Plaintiff has been injured as result of Defendants' conduct, including, but not limited to, emotional distress, frustration, and embarrassment.

**FIRST CAUSE OF ACTION**

Violations of the Fair Housing Act

42 U.S.C. §§ 3601 *et seq.*

All Defendants

25. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

26. The Accommodation was and is a dwelling.

27. Plaintiff's animal was and is an assistance animal.

28. Plaintiff is handicapped.

29. Defendants rent and have rented out buildings or structures, or a portion thereof,

occupied as or designed or intended for occupancy as a residence by one or more families.

30. Defendants discriminated against Plaintiff in the terms, conditions, and/or privileges in of the dwelling because of Plaintiff's handicap, including refusing to make reasonable accommodation in rules, policies, practices, and/or services when such accommodations are necessary to afford Plaintiff equal opportunity to use and enjoy a dwelling.

31. Defendants have discriminated against, or otherwise made unavailable or denied, a dwelling to Plaintiff because of Plaintiff's handicap and the use of an assistance animal.

32. Moreover, Defendants' actions constitute harassment.

33. Lastly, Defendants have failed to engage in an interactive process to discuss Plaintiff's disability-related need for accommodation and possible alternative accommodations.

34. Further, Defendants made a statement that indicated a preference, limitation, or discrimination, with respect to a rental dwelling, on a disallowed basis.

35. Plaintiff seeks actual damages, punitive damages, an injunction, reasonable attorney's fees and costs, including expert witness fees if applicable, and any other such relief the court deems appropriate.

## SECOND CAUSE OF ACTION

Violations of the California Fair Employment and Housing Act

Cal. Gov. Code §§ 12900 *et seq.*

All Defendants

36. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

37. The Accommodation was and is a housing accommodation.

38. It is unlawful for Defendants to discriminate against Plaintiff because of Plaintiff's disability.

39. Defendants intentionally discriminated against Plaintiff because of Plaintiff's disability.

40. Defendants have harassed Plaintiff on the basis of her disabilities.

41. Defendants have made unavailable or otherwise denied full and equal access to a dwelling to Plaintiff on the basis of her disabilities.

42. Defendants' policy of denying persons with assistance animals full and equal access had a discriminatory effect against people with disabilities, such as Plaintiff.

43. Moreover, Defendants' actions constitute harassment.

44. Defendants have refused to provide a reasonable accommodation to Plaintiff.

45. Further, Defendants made a statement that indicates a preference, limitation, or discrimination, with respect to a rental of a housing accommodation, on a disallowed basis: specifically, disability.

46. Plaintiff has been injured as result of Defendants' conduct, including, but not limited to, emotional distress, difficulty, and embarrassment.

47. Plaintiff seeks actual damages, punitive damages, an injunction, reasonable attorney's fees and costs, including expert witness fees if applicable, and any other such relief the court deems appropriate.

## THIRD CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

All Defendants

48. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

49. The Accommodation is a business establishment.

50. Defendants intentionally discriminated against Plaintiff because of Plaintiff's disability.

51. Defendants' acts and omissions with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied to Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in (a) business establishment(s).

52. Plaintiff was harmed.

53. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

54. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including

1  a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and
2  costs, as allowed by statute, according to proof, and Plaintiff seeks the same.

3     55. Plaintiff also seeks to enjoin Defendants from violating disabled persons' rights.

## **PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendants to cease discrimination against disabled persons and remove all accessibility policy barriers that relate to Plaintiff's disability;

2. Damages including actual damages in an amount to be proven at trial, in no event less than $75,000, or the applicable minimum statutory damages, whichever is greater;

3. Punitive damages;

4. Attorney's fees pursuant to 42 U.S.C. § 3613, California Civil Code §§ 52, 54 California Government Code § 12965, Code of Civil Procedure § 1021.5 and/or other statute;

5. Expenses;

6. Costs of suit; and

7. Other relief that the court deems appropriate.

Dated: November 14, 2022         Law Office of Rick Morin, PC

                      */s/ Rick M*

                      _____
                      By: Richard Morin
                      Attorney for Plaintiff